### JAMES G. GARRED vs. MACEY & DONIPHAN.

1. An agreement between A. and B., under seal, provides that in consideration that A. shall give possession of certain public land to B., B. shall pay the value of the improvements to be ascertained by five householders, &c.

Held,—

That the decision of the persons thus selected is not an award upon which an action can be brought.

2. The party can only recover on the agreement.

3. It being agreed that A. should give possession of the lands, and thereupon B. should pay the amount thus ascertained, A. must either shew an actual delivery of the possession, or an offer to deliver, and a refusal to accept by the other, before he can recover. A mere offer to deliver is not sufficient.

### ERROR to Platte Circuit Court.

JONES *for Plaintiff in Error.*

#### POINTS AND AUTHORITIES.

1. That the third count of the declaration is substantially good. 1 Chitty's Pl. 244, 356-7.

2. That plaintiff ought to have been permitted to have withdrawn his demurrer to the second plea of defendants, and file a *similiter* thereto. Rev. Statute Mo. 467, §1; 1 Mo. Rep. 191; 7 Mo. Rep. 320; 4 Mo. Rep. 423.

3. That an award may be given in evidence upon an *insimul computassent.* 21 Pick. 249.

4. That if the award is invalid, then the plaintiff was entitled to a verdict against Macey on the common counts.

*Garred* vs. *Doniphan.*

5. That defendant's plea of *nil debet* to the second count of the declaration is bad; the count be-ing founded, in part, upon a bond with collateral conditions.   7 Mo. Rep. 194; 1 Chitty's Pl. 518.

DONIPHAN & BALDWIN, AND LEONARD & BAY, *for Defendants in Error.*

POINTS AND AUTHORITIES.

1. The Court committed no error in sustaining the demurrer to the first and third special counts. The delivery of the possession by the plaintiff and Ira Garred to Macey, was a condition prece-dent to the payment of the value of the premises under the award; and a performance should have been alleged or an excuse given for the failure to do so.   See Chitty's Pl. §354; 1 Bibb's Rep., Shepperd vs. Hubbard, 494.   The allegation of performance of that precedent condition, or an excuse for the failure to perform it, has not been made either in the first or third count; but a sub-stitute has been interposed, which clearly does not amount either to an allegation of performance in the terms of the condition, or an excuse for the failure to perform.   Boling vs. Ewing, 3 Mar-shall's Rep. 618.   If the Court should look upon the covenants here as mutual and dependent cov-enants, we think the counts are still bad, as there is no time fixed at which the possession was to be delivered by plaintiff, and as he was in the possession, to make these counts good, he should have averred not only a readiness and willingness, and offer to deliver possession, but he should have averred specially, further, that defendant Macey had notice thereof.   See 1 Chitty's Pl. 361-2 side.   And also in the third count, in addition to the above, he should have averred a readiness.

2. The plea of *nil debet* to the second special count, is good, and the demurrer was properly overruled to that plea.   1 Chitty's Pl. 517-18; 2 do. side 395, note H; 1 Saunders on Pleading and Evidence, p. 181, pleas in award.   It will be remembered that this suit is an action of debt on the award, and the bond here must be but inducement to the action.

3. The Court did not err in refusing permission to withdraw the demurrer to the plea of *nil debet* to the second special count after the record was made up and signed, which becomes from that time a judgment.   See Jones vs. McDowell, 4 Bibb's Rep. 190; 3 Chitty's General Practice, side 761.   Under this point it is contended that the Court erred in refusing to hear evidence of merits on the motion to withdraw demurrer.   The Court did not err in this opinion, because the fact of the merits could only be got before the Court by affidavit, and the Court would not go into the whole case upon a motion to withdraw a demurrer, which would be the consequence of letting in evidence of merits on such a motion.

4. The Court did not err in refusing to permit the award to be given in evidence under the is-sues upon the three common counts; *first,* because it was inapplicable to those counts, or either of them; *secondly,* because the award was not attested by a subscribing witness, as required by statute. See Rev. Statutes 71, §6.

5. The Court properly refused the instructions asked by the plaintiff.   They call upon the Court, in effect, to tell the jury they must believe the evidence.   See 8 Mo. R., Vaulx vs. Camp-bell, 224; Bryant vs. Ware & Hickman, 4 Mo. R. 106.   Besides they were not predicated upon any evidence in the case.

SCOTT, J., *delivered the opinion of the Court.*

Garred, who was plaintiff below and plaintiff here, sued on an award made under the following sealed instrument, viz: "This agreement, made and entered into this 31st day of October, 1843, by and between Wm. M. Macey, of the first part, and James G. Garred and Ira Garred, of the

second part, witnesseth; that whereas the said J. G. Garred has made certain improvements on the southwest quarter, sec. 4, town. 51, in range 35, in the county of Platte; and whereas the said Jas. G. and Ira, are both settlers upon the said quarter, as well as the said Macey; now, therefore, the said Jas. G. and Ira Garred do, by these presents, transfer and convey unto the said Macey, and his heirs and assigns forever, all right of pre-emption which they hold upon, or to the said land, for the consideration hereinafter set forth; and the said Macey, as principal, and A. W. Doniphan, as his security, do by these presents bind and oblige themselves to pay to said James G. Garred, the value of all the improvements that the said Garred has put upon the said lands, to be paid whenever they deliver the entire and full possession thereof to the said Macey; and it is agreed between the said Macey and Garred, that the value of the said improvements is to be ascertained by the award of five respectable housekeepers of Platte county, who are not related to either of the parties, and who do not reside within three miles of said land; two of the said appraisers to be selected by James G. Garred, and two by Macey, and the fifth one by a majority of the said four, who shall be sworn before a justice of the peace, and their award shall be final, and shall be paid when the possession is delivered as aforesaid. Such valuation shall be made before the first day of December, 1843. Given under our hands and seals," &c.

The declaration was filed in September, 1844, and contained three special counts. The first count, after setting out the award which was made in conformity to the agreement of the parties, avers that the plaintiff and Ira Garred were ready and willing, and offered to deliver to the said Macey the full and entire possession of all of said quarter section of land, if the defendants would pay the amount awarded as the value of the improvements. The second count avers that full and entire possession was given, according to the terms of the agreement; and the third avers that the plaintiff offered the full and entire possession of the quarter section to Macey, and that neither the plaintiff, nor Ira Garred, nor either of them, nor any other person, by their authority, has lived upon the said land, or been in possession, or had the control of the same. There were also the common counts in the declaration. To the first and third counts, there was a general demurrer, which was sustained by the Court; and the pleas of *nil debet, non est factum*, and a special plea were filed to the second count. The special plea denied the delivery of the possession averred in the count. *Nil debet* was pleaded to the common counts. There was a demurrer filed to the plea of *nil debet*, pleaded to the

second count, which was overruled, and judgment entered on the demur-er. The plaintiff afterwards asked leave to withdraw his demurrer to the plea of *nil debet*, pleaded to the second count, which was refused. The cause was submitted to the Court, sitting as a jury, and the plaintiff offered to read in evidence the appraisement of the arbitrators, showing that they estimated the value of the improvements at $494 13, which was excluded by the Court. The plaintiff then asked the Court to instruct the jury that he was entitled to recover against the defendant, Macey, the value of the improvements put upon the land by the plaintiff, which was refused, and the plaintiff suffered a non-suit, and has brought the case to this Court.

The first question arising on the record, which we will consider, is whether plaintiff's action was properly brought or not. Whether the appraisement made by those termed arbitrators was really an award, such as would justify an abandonment of the agreement of the parties in declaring and warranting a declaration on it alone; or whether it was not an agreement under seal to pay for land, at a price to be fixed by third persons. We were struck with the suggestion made by counsel during the argument, that the valuation of the improvements made by those selected for that purpose, was not an award in the proper sense of the term; and upon an examination of the authorities we are of opinion that that view of the subject is sustained. An award is defined to be the determination of matters in controversy by submission to persons indifferently chosen by the persons contending. There was no controversy between the parties in this case, before the execution of the agreement which is regarded as a submission. It was a contract to convey lands at a price to be fixed by third persons. Such a reference had no tendency to the termination of a controversy, though it may have some of the characteristics of an arbitration. An arbitration is said to be a *domestic tribunal*, and the arbitrators are judges of the parties own choosing, and are favored both by the Courts and law making power. The Courts not allowing any thing to be alleged against the record, with a view to invalidate it, and the law making provisions for enforcing it. Elmendorf vs. Harris, 5 Wen. 516; Leids vs. Burrows, 12 E. 1. We do not wish to be understood as maintaining that the appraisement had none of the properties of an award; but to convey the idea that it was not an award in that sense that an action could be maintained upon it. Van Cortland vs. Underhill, 17 John. Rep. 405; 2 John. Chan. Rep. 339; Brown vs. Bellows, 4 Pick. 178. The agreement is similar to those on which it is held that debt will lie to recover money if the quantity is ascertained at the

time of bringing the action, though it was uncertain when it was made. Ingleden vs. Cripps, 2 L. Ray. 814; Bur. 2231; Walker vs. Witters, Doug. 6.

If the determination of the arbitrators was an award which, of itself, would have sustained an action of debt, an award, although under the hand and seal of the arbitrators, not being a specialty, *nil debet* would have been a good plea. 2 Saun. 62. Nor does the circumstance that the submission was by deed, make it a specialty. *Nil debet* was a good plea to the action as it was brought, but as if it had been properly conceived it would have been ill, there is no cause of complaint in overruling the demurrer as it reached back to the declaration.

The rejection of the agreement as evidence under the common counts, is not error; if the plaintiff could have declared on the appraisement, it not being a specialty, the agreement might have been given in evidence under the common counts, the rule being that *indebitatis assumpsit* will not lie to recover the stipulated price due on a special contract, *under seal,* when the contract has been completely executed. Clendennin vs. Paulsel, 3 Mo. Rep.; Preston vs. Young, 3d Cranch; Bank of Columbia vs. Patterson's adm'r, 7 Cran. 299; 2 Saun. 350, n. 2. As the party should have declared on his instrument which was sealed, he could not have given it in evidence under the common counts.

We are of the opinion that the demurrer to the first and third counts was properly sustained by the Court below. The objection taken to them, was that they did not show a sufficient excuse on the part of the plaintiff for the non-performance of his part of the agreement. It was not sufficient barely to allege an offer by the plaintiff; a refusal by the defendant should also have been shown, or some act by him amounting to a discharge of the plaintiff. The rule is thus stated by Chitty: "where the respective acts to be done by the plaintiff and defendant are mutual, and are to be performed at the same time, the plaintiff should aver his readiness to perform his part, and either state that the defendant neglected to attend when necessary, or refused to perform his part, or discharged the plaintiff from his performance." The principle of the case of Peeters vs. Opie, 2 Saun. 350, is that it is not sufficient to allege a readiness or offer to perform on the part of the plaintiff, but also a refusal by the defendant, though it was held the *omission* would be cured by verdict. The authorities amply sustain this doctrine. Lancashire vs. Killingsworth, 1 Lord Ray. 687; Lea vs. Exelby, Cro. Eliz. 888; Jones vs. Barkley, Doug. 684; 2 Saun. 352, n. 3.

Judge NAPTON concurring, the judgment of the Court below will be affirmed.