## CROSBY *v.* WATKINS *et al.*

Ruiz *v.* Norton, 4 Cal. 355, affirmed.

Where a party contracts for a quantity of wheat, to be delivered on demand and paid for on delivery, in an action for non-delivery it is unnecessary for plaintiff to aver and prove a tender of the purchase money at the time of demand or before suit.

In such a case the measure of damages is, the difference between the contract price and the value of the article sold.

APPEAL from the Ninth District, County of Tehama.

This was an action for damages for the non-delivery of a quantity of wheat purchased by plaintiff of defendants.

The facts as stated by the Court are as follows :   H. M. Stone, the agent of the plaintiff, contracted with the defendants for the purchase of a quantity of wheat, at the price of two cents and a half per pound, to be delivered upon demand and paid for on delivery.    The contract was made by Stone, in his own name, without disclosing his principal. Within the time limited by the contract, plaintiff, through Stone, notified the defendants that he was ready to receive and pay for the wheat under the contract, and demanded a delivery, which the defendants refused.    The contract price of the wheat was two and a half cents per pound, and the Court finds that at the time of demand and refusal to deliver, it was worth four cents per pound.    Plaintiffs had judgment for the difference between the contract price and the actual value of the wheat, and from this judgment the defendant appeals.

*Crocker & Robinson* for Appellants.

I. The action should have been in the name of Stone as plaintiff, or, at least, he should have been made a party. In no other way could the liability of defendants to Stone upon the written contract be based. Newcomb *v.* Clark, 1 Denio, 226 ; Argenti *v.* Brannan, 5 Cal. 351 ; Price *v.* Dunlap, *Ib.* 483 ; Phillips *v.* Husband, *Ib.* 509 ; 12 Pick. 554 ; 15 Mass. 286 ; 13 *Ib.* 396—404 ; 13 John. Rep. 88.

When a promise is made to a third person, for the benefit of the plaintiff, the complaint must state it to have been made according to the fact; and it is a fatal variance to aver that the promise was made to the plaintiff. Hall *v.* Huntoon, 17 Vermont, 244 ; 11 Vermont, 79.

In this case, the contract was made by defendants with Stone in his own name, and he is the *only party against whom they could have enforced it;* there is, therefore, no *mutuality* or privity between plaintiff and defendants.

A contract must be *mutual* to be binding. Chitty on Contracts, 15 ; 5 Cal. Rep. 351, 509.

The judgment in this case is *no bar* to an action upon the contract in the name of Stone. He is not a party to the record, and is not therefore estopped by the judgment.

A judgment cannot be pleaded in bar, unless between the same parties. Cleaton *v.* Chambliss, 6 Randall, 86 ; 1 Dw. & Batt. 486 ; 1 Cooke, 305 ; 6 Conn. 508 ; 1 A. K. Marsh, 179 ; 1 McCord, 338.

In equity, the person having the legal title in the subject must be a party, though he has no beneficial interest, that the legal right may be bound by the decree of the Court. Mitford Ch. Pleadings, 206 ; (179).

Treating this as an action at law, then the *legal* title to the contract is in Stone, (it having been made to him, and he having never assigned it) and the action should have been in his name. Treating it as a suit in equity, then still Stone should have been made a party under the foregoing well established rule.

At law, the party who has the legal interest in the contract must be the plaintiff. 4 Dana, 474 ; 7 Munroe, 416.

The legal interest in a contract is in the person to whom the promise

Crosby. *v.* Watkins.

is made, and he is the person who must bring the action.     17 Vermont, 244 ; 11 Vt. 79.

II. There is no averment in the complaint, or sufficient proof on the trial, of a *tender* of the price of the wheat and a refusal to receive it.

Under this contract the acts of the parties are *concurrent;* that is, defendants could not sue on it without a demand of the price and an offer to deliver, and the plaintiff cannot recover without a *tender* of the price and a demand of the wheat.

When the acts to be done by each party are to occur at the same period, neither party can sue on the contract without showing an *offer* or *tender* of performance on his part.     1 Cal. Rep. 42, 51, 337 ; 2 *Ib.* 163 ; 4 *Ib.* 282 ; Littell Sel. Cases, 253 ; Chitty on Contracts, 746 ; (638).

*Robinson, Beatty & Heacock* for Respondent.

The only question of importance to be considered by the Court in determining this cause is, whether the plaintiff, since Stone did not reveal his agency, or the name of his principal, at the time of making the contract, is entitled to sue and recover.

There are many conflicting authorities on this point ; but the general current of modern decisions would seem to fully sustain the proposition that the principal may sue or be sued upon a contract entered into by his agent, whether such agent reveals such agency or discovers the name of his principal or not.     Story on Agency, p. 156 ; Ruiz *v.* Martin *et al.,* 4 Cal. 358 : Sims *v.* Bond, 5 Byam & Ad. ; Taintor *v.* Prendergrast, 3d Hill N. Y. Rep., page 72 ; Hicks *v.* Whitmore, 12 Wend. Rep., page 548 ; 2d Kent Com., sec. 41, marginal page 632 ; Story on Agency, sec. 160, and the authorities there cited ; Smith's Merc'y Law, b. 1, ch. 5, sec. 5, page 139–140, and the authorities there cited.

TERRY, C. J., after stating the facts, delivered the opinion of the Court—BALDWIN, J., concurring.

Two questions are presented by the record : *First,* whether the plaintiff can sue in his own name on the contract ; and *second,* whether

he can recover in this action without showing a tender of the price agreed on.

The first point is answered by the decision of this Court in Ruiz *v.* Norton, 4 Cal., 355.

Upon the second point, Mr. Parsons, in his work on Contracts, vol. 1, p. 449, states the rule to be as follows: " In every sale, unless otherwise expressed, there is an implied condition that the price shall be paid before the buyer has a right to possession ; and that is a condition precedent. But it seems, that in an action for non-delivery, the buyer need only aver that he was *ready* and willing to receive and pay for them, and a refusal to deliver, without averring an actual tender."

In such cases, the measure of damages is the difference between the contract price and the actual value of the article sold. 2 Parsons, 481, note A.

Judgment affirmed.