Dudley *v.* Thomas.

---

# DUDLEY *v.* THOMAS.

WHEN matters in dispute are submitted to arbitration, with power for the arbitrators to appoint an umpire, the arbitrators have a right to select the umpire, either before or after the investigation of the matter has commenced, even though the articles of submission contain a clause providing for such selection in the event of a disagreement between the arbitrators.

Arbitrators have the power to award costs, though no mention be made of costs in the articles of submission.

After an award has been once made and delivered, the arbitrators cannot afterwards alter the same, even to correct mistakes, without the consent of the parties; but the making of a new and supplementary paper, and attaching the same to the award, after it has been delivered, does not vitiate the original award, and may be treated as surplusage.

If the arbitrators award that one of the parties shall pay to the other a sum certain, and also that the parties shall execute to each other mutual releases of all actions, etc., the tender of a release as provided by the award is not a condition precedent to the right to bring an action to recover the money.

The award of money is absolute and unconditional; but the award of releases is different, for they are concurrent acts, and neither party can compel the other to execute a release without the tender of a release by himself.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*L. Archer*, for Appellant.

The submission, in this case, was general as to all matters in difference between the parties to the date of the first submission, to wit: November 6th, 1861, and was special as to certain other specified matters.   The award does not show that the special matters named in the submission were passed upon as is required, to make the award good.   (See *Muldrow* v. *Morris*, 12 Cal. 339.) This defect, it is submitted to the Court, cannot be supplied by parol evidence, but renders the entire award null and void.

The agreement to submit provides for the selection of an umpire, in the event of a disagreement between the two arbitrators.   The fact is, that the umpire was selected before the arbitrators commenced their session.   We contend that this was a material and fatal variance from the agreement.   This point has not, so far as we know, been decided by this Court, and we think it is worthy of full consideration.   A person might well be willing to submit his rights to two named persons, and consent to have a third called in, in case of disagreement, and yet not be willing to submit to the three in the first instance for many reasons, which will occur to the minds of the Judges.

*Thomas Bodley*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to enforce an award.   The case was tried by the Court, who found for the plaintiff, and a judgment was rendered accordingly, from which the defendant appeals.   It is objected that the umpire was selected by the arbitrators before they commenced to hear the case, when the articles of submission provided for such selection in the event of a disagreement between the arbitrators. This objection is not tenable.   The arbitrators in such case had the

Dudley *v.* Thomas.

right to appoint the umpire either before or after the investigation of the matter had commenced. Indeed, it is the better course that the umpire be first selected, so that he can hear the evidence direct from the witnesses. (Caldwell on Arbitration, 107 ; *Roe* v. *Doe*, 2 Dum. & East. 644 ; *Harding* v. *Watts*, 15 East. 556 ; *McKinstry* v. *Solomons*, 2 J. R. 57 ; *Van Cortland* v. *Underhill*, 17 Id. 405.)

It seems that on the thirty-first day of October, 1860, the parties agreed to submit all matters in controversy between them to arbitration—the award to be made on or before November 6th. No award was made under this submission ; and on the second day of April, 1861, they agreed that the same matters should be resubmitted to the same arbitrators, and that the arbitrators should also take into consideration and render their award upon any damage that the defendant may have been entitled to by reason of any striking given to him by said plaintiff, and the detaining by him from said defendant of certain trucks and chains. The award was rendered May 4th, 1861, that Thomas should pay to Dudley eight hundred and fifty dollars, on or before May 14th, 1861, in full payment, discharge, and satisfaction of all moneys, debts, and demands due from him to Dudley ; and that the said parties should, within ten days next ensuing the date of the award, seal and execute to each other mutual and general releases of all actions, causes of actions, suits, controversies, claims, and demands for or by reason of any matter or thing from the beginning of the world down to the date of the said submission. It is objected that the award covers matters not submitted to the arbitrators ; but this is not sustained by the record. The award evidently includes no matter not submitted ; nor do we think the award respecting the release goes beyond the matters submitted. It includes all matters up to the date of the submission but none since ; and it is thus authorized by the submission.

It appears that after the award had been made, the arbitrators, on the sixth day of May, 1861, attached the following certificate, signed by them, to a bill of costs in the case amounting to one hundred and eighteen dollars and twenty cents, viz. : " We, the undersigned, certify the foregoing to be the correct bill of costs in the

above matter of difference, and award the said Stillman Thomas to pay the same as costs of said suit." Neither in the agreement of submission, nor in the award made on the fourth day of May, was there any stipulation or reference to the subject of costs. The arbitrators have power to award costs, though no mention be made of costs in the submission, as it is a matter within the terms of a general reference. (Cald. on Arb. 198.) And it has been held that in the absence of any specific directions about costs, they must follow the award. (*McIntosh* v. *Blyth*, 1 Br. & Bing. 269.) But it is contended that the execution of this certificate by the arbitrators to the bill of costs, was an alteration or amendment of the award as published, and therefore vitiates the award. The rule seems to be well settled, that after an award has been once made and delivered the arbitrators cannot afterwards . alter the same, even to correct mistakes. If such alteration is attempted it will be considered as mere surplusage, and it will not vitiate the award, which will stand good in its original terms. (Cald. on Arb. 177; *Henfree* v. *Bromley*, 6 East. 309; *Irvine* v. *Elmore*, 8 Id. 53; *Brooke* v. *Mitchell*, 6 M. & W. 473.)

In the case of *Porter* v. *Scott* (7 Cal. 312) it was held, that any alteration of the award by the arbitrators after it has been made and published, without the consent of the parties, would vitiate it; but that was an alteration of the original award, and not, as in this case, the making of a new, separate, and supplementary paper. We are satisfied that the execution of this subsequent instrument did not vitiate the original award, which remained unaltered by the arbitrators. Whether it should be treated as mere surplusage, or as an effective instrument, is not a question before us; for the judgment only included the amount of the original award, and the plaintiff does not complain because the amount of costs in this supplementary paper was not included in it.

It appears that the plaintiff executed a receipt, which included the two sums of eight hundred and fifty dollars and one hundred and eighteen dollars and twenty cents, with a release of all actions, etc., as required by the award, which he offered to deliver upon the payment of said sums and the execution of a similar release by the defendant. It is contended that it was necessary for the

Dudley *v:* Thomas.

plaintiff, in order to maintain the action, to prove a performance of, or an offer to perform, the award on his part; and that this was not good as an offer of a release, because he required the payment of both sums, when, as defendant claims, he was not entitled to the sum of one hundred and eighteen dollars and twenty cents.

The first inquiry is, whether it was necessary for the plaintiff to aver and prove an offer of a release to enable him to maintain the action. The arbitrators first award that the defendant shall pay to the plaintiff eight hundred and fifty dollars, on or before the fourteenth day of May, 1861; and they further award, that both parties shall, within ten days after the date of the award, execute to each other mutual releases. The award is dated May 4th, so that the time for the execution of the releases was the same day as that fixed for the payment of the money.

In a case very similar to the present, where the award required the defendants to pay the plaintiffs a certain sum without fixing any time for the payment, and there was a further award that the plaintiffs should, on demand, assign certain claims to the plaintiff, it was held, that no demand of the money before suit brought was necessary, as by the award the defendants were directed to pay a certain sum without any condition or qualification whatever. And it was further held, that it was not necessary that the plaintiffs should aver a tender or offer of performance on their part. (*Nichols* v. *Rensselaer County Mut. Ins. Co.*, 22 Wend. 125; see, also, *Crosby* v. *Watkins*, 12 Cal. 85.)

It would seem, from the principles laid down in the case from Wendell, that an offer to perform was not necessary, to enable the plaintiff to maintain an action in a case like this. The award of the payment of the money, in the present case, was absolute, unqualified, and unconditional. The award of mutual releases was, however, different; for they were clearly concurrent acts, and neither party could compel the other to execute a release without showing either an offer of a release by him, or a readiness and willingness on his part to execute it. The action is merely to recover the money awarded; and the tender of a release, as provided by the award, was not a condition precedent to the right to recover the money. The right to recover the money is not defeated

by the mere fact that the plaintiff demanded more than he was entitled to, because his right of action was good without any demand at all; and even where a demand is necessary, the mere fact that a greater sum is demanded than the party is entitled to, will not defeat the action, unless the defendant shows that, upon such demand, he offered to pay the sum the plaintiff was really entitled to, and that it was refused. This objection of the plaintiff is not, therefore, well taken.

The judgment is affirmed.