JOHN C. ZALLEE, Respondent, v. THE LACLEDE MUTUAL FIRE AND MARINE INSURANCE COMPANY, Appellant.

1. *Arbitration and award—Appraisal—Insurance companies.*—Certain insured goods being damaged by fire, the owner and the insurance company, in pursuance of the provisions of the policy, agreed in writing upon a board of appraisers to examine the injured goods and estimate the owner's loss. This was done, but the appraisers were not sworn: *held*, that the transaction was not, in the accepted legal sense of the term, a submission to arbitration, but

merely an appraisal, and for the reason that a submission to arbitration presupposed contesting parties and a subsisting controversy; whereas, in the case indicated, the original agreement fixing the method of ascertaining the *quantum* of damages in case of loss, formed a part of the original contract of insurance, viz.: of the company's charter, which was made part of the policy; and further, because by the terms of that instrument the finding of the appraisers was to be a report, to be used as evidence touching the loss, and not, as in case of an arbitration, as a bar to a suit on the policy. In such case the written agreement entered into after the fire, appointing the appraisers, and by which the parties agreed to accept their appraisement, was a practical carrying into effect of the stipulations of the policy.

2. *Arbitration and award — Appraisal — Insurance Policies — Distinction between arbitration and appraisement.* —Where the stipulations of a fire insurance policy have actually been complied with, and appraisal of losses had in conformity thereto, the insurance company and the insured should be bound by the result, notwithstanding that the appraisers were not sworn. They acted as appraisers, and not as arbitrators. The reference to them was not a submission to arbitration, in a legal sense, for the purpose of settling and extinguishing a cause of action, but a just and reasonable mode of fixing values—the value of the injured goods before and after the fire, the difference representing the amount of loss or damage.

### *Appeal from St. Louis Circuit Court.*

*Hill & Jewett,* for appellant.

*Krum, Decker & Krum,* for respondent.

I. The agreement to submit the matters in dispute is a submission within the statute; and, as it was not shown that the arbitrators took the oath prescribed in the statute, their award is invalid. (Toler v. Hayden, 18 Mo. 399; Fassett v. Fassett, 41 Mo. 516; Walt v. Huse, etc., 38 Mo. 210.)

II. The provisions of the charter of the company, the policy sued on, and conditions annexed, do not change the question. It is still an agreement to submit the matter in dispute to arbitration.

CURRIER, Judge, delivered the opinion of the court.

This is a suit on an insurance policy. The insured goods, or a portion of them, having been damaged by fire, the parties, in pursuance of the provisions of the policy, agreed in writing upon a board of appraisers to examine the injured goods and estimate and determine the amount of the plaintiff's loss thereon. The persons agreed on made the required examination, and assessed

the plaintiff's damage at $302.44. The appraisers were not sworn. The result proved unsatisfactory to the plaintiff, and he now treats the appraisal as void, and seeks to recover damages independently of it. The appraisal is supposed to be void for the reason that the appraisers were not sworn. This view of the case rests upon the theory that the appraisal was the result of a submission to arbitration under the statute in relation to arbitrations and references (Gen. Stat. 1865, ch. 198), the appraisers having been appointed in writing.

It has always been deemed sound policy to encourage the adjustment of private difficulties and misunderstandings through the instrumentality of an arbitration. The results of such proceedings are favorably considered and liberally construed. Whether this policy would not have been better conserved by treating awards not sustainable under the statute as awards under a submission at common law, and therefore only subject to common-law tests of their sufficiency, it is not necessary here to inquire. It is well, however, not to overlook the established principles of the law on this subject, in passing upon the transaction under consideration, in order to the avoidance of an erroneous classification of it, thereby unnecessarily enlarging the number of void private adjustments. These adjustments, without an appeal to the courts, as already observed, it is the policy of the law to encourage.

The question raised by this record is this: was the transaction described, in the accepted legal sense of these terms, a submission to arbitration? Or was it an appraisal only?—something less than an arbitration. If it was an arbitration, in the legal sense, and the arbitrators had been sworn, then the antecedent cause of action would have been merged in the award. The award would then have become the ground of action, or of proceedings, in the Circuit Court. But it has not been claimed that the finding of the appraisers, had they been sworn, would have merged in itself the prior cause of action. No such view has been taken of the subject. The award, or finding, has been used, or sought to be used, as evidence conclusive, as to the amount of damage, but not as a bar to the action.

A submission to arbitration, in the legal sense, implies contesting parties and a subsisting controversy. But there was no controversy here when the original agreement, fixing the method of ascertaining the *quantum* of damages in case of loss, was entered into. The agreement formed a part of the original contract of insurance, in fact, of the defendant's charter, which was referred to and made part of the policy.

The charter provided that "in case of loss or damage by fire, the valuation of such property, at the time of such loss or damage, should be determined by the award of impartial men." It was further provided in one of the conditions of the policy that in case the goods insured should be injured, the resulting damages should be " ascertained by the examination and appraisal of such damage, on each article, by disinterested appraisers, mutually agreed upon, whose detailed report in writing should form a part of the proof required to be furnished by the claimant." Here the finding of the appraisers is spoken of as a " report " which was to be used as evidence, and not as a bar to a suit on the policy.

After the fire the parties agreed in writing to "accept the appraisement" of Hugh Boyle " and another, and these appraisers in due time reported in writing that they had examined the stock above described, and assessed the damage at $302.44." The policy made it the duty of the assured to assort and arrange his goods, where they had been damaged but not destroyed, with reference to a convenient ascertainment of the extent of the injury. This appears to have been done. The whole proceeding was had in accordance with the provisions of the contract of insurance. The written agreement entered into after the fire, appointing the appraisers, and by which the parties agreed to accept their appraisement, was a practical carrying into effect of the stipulations of the policy. These stipulations having actually been complied with, and an appraisal had in conformity thereto, no good reason is perceived why the parties should not be bound by the result. That result can not, and ought not to, be avoided on the ground that the appraisers were not sworn. They acted as appraisers, and not as arbitrators. The reference to them was

not a submission to arbitration in the legal sense, but a just and reasonable mode of fixing values — the value of the injured goods before and after the fire, the difference representing the amount of loss or damage.

If this transaction is to be adjudged an arbitration, and so within the statutes, the submission being in writing, then it must be held that the valuation of a household, for the purpose of renewal, when determined by appraisers, on the disagreement of parties, is an arbitration, and subject to the rules and tests which govern technical arbitration awards.

There have been adjudications bearing on this question. In Garred v. Doniphan, 10 Mo. 161, an appraisement was sued on as an award. It was held that the action would not lie because the appraisement was not an award, although it partook of the nature of an award made in pursuance of a submission to arbitration. In Curry v. Lackey, 35 Mo. 389, it was held that the determination of a referee mutually chosen, awarding the difference in value between articles of property, exchanged by the parties to the submission, was no award in the proper legal sense of that term. The submission and finding were both in writing. The result, as in the case at bar, was resisted on the ground that the appraiser was not sworn. These cases clearly distinguish between submissions to arbitration for the purposes of an appraisment and submission to arbitration for the purpose of settling and extinguishing causes of action. Only the latter are technically and strictly arbitrations. These, when the submission is in writing, are held to be within the statute ; but the former — cases of appraisement — are not so. The case at bar falls within the first-mentioned class, and is therefore outside the statute.

For that reason the judgment must be reversed and the cause remanded. The other judges concur.