CHARLOTTE HOLMES *et al.*, Appellants, *v.* ELIHU H. SHEPARD, Respondent.

1. *Landlord and tenant—Re-valuation of property at fixed periods—Forfeiture.*—Where, by the terms of a lease, the rent was to be fixed every ten years by a re-valuation of the property by appraisers—one to be appointed by the two parties in interest, and they to choose a third in case of disagreement—if, at the time of re-valuation, some of the parties in interest can make no appointment, being minors, the other party in interest cannot proceed *ex parte* to an appraisement, but the old rent will continue, and a forfeiture will be prevented by tendering that amount.

2. *Equity — Conditions in lease, owing to causes not contemplated, impossible to fulfill.*—When, from causes not contemplated by the parties, the conditions of a lease can be carried out only by the assistance of a court of equity, the party suffering thereby is the only one who can apply for such aid.

*Appeal from St. Louis Circuit Court.*

*E. Casselberry* and *A. Hamilton*, for appellants.

The defendant was not authorized to proceed *ex parte* in the appraisement. (Peters v. Newkirk, 6 Cow. 103 ; Elmendorf v. Harris, 23 Wend. 631–2 ; Ryder v. Jenny, 2 Robertson, N. Y., 58, 70; Caldw. Arb. 119, 120–1 ; Merrifield v. Cobleigh, 4 Cush. 184 ; Wray v. Rhinelander, 52 Barb. 566 ; Anderson v. The City of St. Louis, 47 Mo. 479.) When from any want of foresight of the parties, or other mistake or accident, there would be a failure of justice, it is the duty of a court of equity to supply the defect or furnish the remedy. (Quick v. Stuyvesant, 2 Paige, 84 ; Chase v. Barrett, 4 Paige, 148 ; Douglass v. Viele, 3 Sandf. Ch. 439, 448 ; 1 Sto. Eq. 78, note 4 ; Backus' Appeal, 58 Penn. 186, 194 ; Swift v. Larrabee, 31 Conn. 225, 237.) An infant cannot bind himself by a submission of his rights to arbitration, nor can this want of capacity be cured even by the chancellor, unless there is a suit pending in which the infant is a party. (Jones v. Payne, 41 Ga. '23 ; Bill. Awards, 34 ; 1 Am. Lead. Cas., 5th ed., 300 *et seq.;* Perry Trusts, 52.)

*Glover & Shepley,* for respondent, cited Brown v. Haines, 12 Ohio, 1 ; 2 Sto. Eq. 100, § 771 ; Kendall v. Almy, 2 Sumn. 293 ; Rogers v. Saunders, 16 Me. 97; Lewis v. Woods, 4 How.,

Miss., 86; Stevenson v. Dunlap, 7 Monr. 142; Tyl. Inf. 158, , 172, §§ 108, 119; Scott v. Houghton, 2 Vernon, 560.

ADAMS, Judge, delivered the opinion of the court.

The defendant leased to Jotham Bigelow, Jr., for fifty years, a lot of ground in the city of St. Louis. By the terms of the lease, the rental of the ground for the first ten years, ending the 12th of April, 1870, was to be $1,280 per year, payable in equal quarterly installments of $320 each, on the 12th day of July, October, January and April. For the second period of ten years, that is, from the 12th day of April, 1870, to the 12th day of April, 1880, a sum equal to six per centum per annum on the valuation of the demised premises, exclusive of the buildings, was to be paid as the rent, which valuation, by the terms of the lease, was to be fixed and determined by the parties on the first Monday of April, 1870, in case they should be able to agree on the same; but in case they should fail to agree thereon, then each of them was to procure the attendance of one disinterested freeholder of the city of St. Louis, a resident citizen, who should come near the southeast corner, between the hours of twelve and one o'clock of the Tuesday following said first Monday of April, 1870, and there and then assess the value of the demised premises at a fair valuation thereof. If the two disagreed they were to select an umpire, etc.

. There was a clause in the lease to the effect that the words "party of the first part," or "party of the second part," or "lessor," or "lessee," as used in the lease, should mean said parties or persons respectively, and their heirs and assigns and legal representatives. After the lease was made, and long after the expiration of the first ten years, the lessee, Bigelow, sold and assigned the premises and leasehold to Robert Holmes, the ancestor of the plaintiff, who died in August, 1863, leaving the plaintiffs the heirs and distributees of his estate. It was admitted that final settlement of the estate of Robert Holmes had been made in the Probate Court of St. Louis county in March, 1869. Some of the plaintiffs are still minors and joint owners of the leasehold estate with the other plaintiffs.

On the 10th of April, 1870, without any effort to agree with the plaintiffs or any of them, and without notice to them, the defendant proceeded to appoint two appraisers to value the leased premises, and these appraisers accordingly made their valuation and delivered a copy of the same to the parties. The valuation as made by these assessors was $39,620.33. This suit was brought to have this appraisement declared fraudulent and void as to the plaintiffs, and to have the rent of the second period of the term fixed under the direction of the court as a court of equity. On the trial of the case many witnesses were examined as to the value of the ground, none of whom put the valuation low enough to reduce the rent below the amount agreed to be paid for the first ten years.

The plaintiffs, as distributees of Robert Holmes' estate, on final settlement of that estate, became the assignees of this leasehold estate within the meaning of the terms of the lease, and, as such, they or their tenants had the actual possession of the premises. This of itself ought to have put the defendant on inquiry as to who were the assignees. The terms of this lease required that there should have been an agreement or a disagreement between the parties as to the valuation before either could resort to appraisers to fix the value. In this case some of the assignees were minors and could not give their assent or dissent, or make the required agreement or disagreement, so as to enable the lessor to proceed *ex parte* with the appraisement. It is true the minors became part owners of the leasehold, with the obligations and conditions attached thereto, and in order to prevent a forfeiture the rent must be paid according to the terms of the lease. If the valuation has not been fixed, or if the alleged valuation made by the appraisers is void, then the presumption would be that the rate of rent for the first ten years would still continue, and the parties could relieve themselves of any forfeiture by tendering that amount as it fell due.

Although the minors are subject to the obligations of the lease so far as the paying of rent is concerned, they have no ability, and the lease can give them no ability, to make the agreement required, or dissent therefrom before the appointment of apprais-

Holmes et al. v. Shepard.

ers; nor are they joint obligors in that sense of the term which would warrant their co-obligors to act for them. The obligations resting on them are imposed by the law and not by contract. Under this view of the case, such an accident or contingency unforeseen by the original parties to the lease had happened as would warrant a party injured thereby to resort to a court of equity for redress, and to have a proper valuation made under the direction of the court so as to fix the rate of rent that would be binding on all the parties. We are satisfied that the valuation or assessment as made is absolutely void and not binding on any of the parties. The plaintiffs are not injured for the want of a proper assessment. The evidence conclusively shows that by such assessment the rate of rent would be increased instead of being diminished. If the property had decreased in value so as to diminish the rate of rent, the plaintiffs might have had some standing here to maintain this suit. It seems clear to my mind that they are not injured, and therefore cannot maintain this action. On the contrary, if the defendant desires an increase of the rate of rent by a fair valuation of the property, he can maintain his suit in equity for that purpose.

The doctrine of specific performance of contracts does not apply to this case, nor do we consider an appraisement or valuation made by appraisers, under a lease like this, an award or arbitration within the technical meaning of those terms, so as to subject it to the rules governing arbitration. (See Garred v. Doniphan, 10 Mo. 161; Curry v. Lackey, 35 Mo. 389; Zallee v. Laclede Mutual Fire and Marine Ins. Co., 44 Mo. 530.)

Upon the case as made, we think the plaintiffs' petition ought to have been dismissed. But as the court proceeded to decide in favor of the defendant on the merits, the judgment will be reversed and the petition dismissed, the plaintiffs to pay all the costs of the litigation. The other judges concur.