———o———

WM. H. LEONARD, Respondent, *vs.* JAS. D. COX, Appellant.

1. *Appraisement—Limitation as to time of completing— Waiver of.*—Where a party consents to an adjournment of the hearing of an appraisement until after the time fixed by the agreement for completing it, and at the adjourned session appears before the appraisers and offers testimony, the limitation as to time of finishing the appraisement is waived.

2. *Appraisers, partiality of will authorize vacation of award.*—The partiality of appraisers will authorize the vacation of an award.

3. *Arbitration—Choice of third arbitrator at commencement of proceedings.*—It is well settled, that in cases of submission to arbitration providing for the selection of an umpire in the event of a disagreement of the arbitrators, they may select the umpire before they enter upon the consideration of the subjects submitted.

4. *Arbitration—What agreement not a submission under the statute—Pleading— Suit on appraisement improper, when—Fault not material, when*—A written agreement to surrender a leasehold at a certain time, for such sum as appraisers chosen for that purpose may determine it to be worth, is not a submission to arbitration within the meaning of the statute, but merely a contract for sale, the price to be fixed by third persons. And suit is properly brought on the contract of sale for the price so claimed, and not on the appraisement itself. Although the plaintiff declared specially on the contract for the amount of the appraisement, and the cause was tried as though the petition contained the common counts only, yet as the value of the property as found by the jury differed from the amount of the appraisement by an inconsiderable sum, and the defendant admitted his liability for the value of the property, substantial justice having been done, the judgment will not be reversed for such irregularity in the proceedings.

*Appeal from Johnson Circuit Court.*

*R. C. McBeth,* for Appellant.

*LaDue & Fyke,* for Respondent, cited : Zallee vs. The Laclede Mut. Fire & Marine Ins. Co., 44 Mo. 531; Garred vs. Doniphan, 10 Mo. 161; Curry vs. Lackey, 35 Mo. 389.

HOUGH, Judge, delivered the opinion of the court.

On the 1st of May, 1872, the defendant, Cox, leased his farm in Henry county to the plaintiff, Leonard, until March 1st, 1873. On the 6th day of July, 1872, they entered into an agreement in writing, in pursuance of which one room in the farmhouse on the premises rented, and all the land not cultivated by Leonard, were on that day restored to the possession of Cox, and by the further terms of which the remainder of the leased premises should be surrendered to Cox by the 15th day of September, 1872, he agreeing to pay for said surrender such sum as two disinterested and experienced farmers selected by the parties should determine Leonard's rights under the lease, and his interest in the growing crop, to be worth ; and in the event the two persons thus selected should fail to agree, they were to call to their aid a third person having like qualifications with themselves, and the price fixed by a majority of them was to be paid by Cox to Leonard, within ten days after the rendition of their decision.   Said appraisers were to be chosen and make their appraisement on or before the 10th day of August, 1872.   Appraisers were chosen, who fixed the price to be paid by Cox at $295.24, to recover which sum plaintiff brought the present action.

The defendant, in his answer, resisted a recovery on the following grounds :   1st, that the decision of the referees was not made until after the 10th day of August, 1872, on which day their authority to act in the premises ceased ; 2d, that the third referee was not selected with the consent of the defendant, nor after the two first selected had failed to agree, but before any disagreement on their part, and before any effort was made by them to agree ; 3d, that the referees were not indifferent and disinterested, as it was stipulated they should be, but partial to the plaintiff and prejudiced against the defendant ; 4th, that they refused to hear testimony offered by the defendant.

It appears from the record that the parties selected two appraisers, who met on the 10th day of August ; that they differed as to the duties devolved upon them by the agreement of the par-

ties; that they thereupon selected a third person to act with them, and adjourned until the 13th day of August, when they met and fixed the value of the lease and crop at the sum sued for by the plaintiff. There was testimony to show, too, that this action of the appraisers was known to and approved by both plaintiff and defendant.

When the appraisers met on the 13th of August, the defendant offered certain testimony, the nature of which the record does not disclose, which they refused to hear, whereupon he repudiated their action and declared that he would not acquiesce in their award. On the day on which the award was made the plaintiff surrendered possession of the entire farm to the defendant, which the latter testified he refused to receive in fulfilment of the agreement, but having an interest in the crop by the terms of the lease, he accepted the possession and notified the plaintiff that he would save the crop at his expense.

Testimony was introduced at the trial in the circuit court, as to all the details of the appraisement and the value of the various articles which were appraised. All the appraisers concurred in fixing the valuation at the amount sued for.

There was a verdict and judgment for $293.55 and interest, from which the defendant has appealed.

Much of the argument of the appellant's counsel in the court was based upon the idea that the contract declared upon by the plaintiff was a submission in writing to arbitration, within the meaning of our statute on that subject. This view of the nature of that instrument is an erroneous one. It was nothing more than a contract of sale which provided that the price of things sold should be fixed by third persons. There was no previously existing controversy which this instrument submitted to arbitration. The only controversy between the parties was one which the instrument itself created, and while the appraisement which was made with a view of fixing the price of the things sold may have some of the properties of an award, and be subject to some of the rules regulating common law awards, still the appraisement itself could not be made the foundation of an action. The action was properly brought on the contract of sale for the price alleged

to have been fixed by the appraisers.    (Garred vs. Doniphan, 10 Mo. 161.)

The four grounds of defense relied upon will be noticed in the order in which they have been stated.

Ordinarily, when an appraisement like that under consideration is required to be made within a certain time, it should, like an award, be made within the time limited.    But it will depend upon the particular circumstances of the case whether it will be deemed to be of the essence of the contract.    It may undoubtedly be made so.    It is unnecessary, however, to discuss this point, as it sufficiently appears in the present case that the defendant assented to the adjournment from the 10th to the 13th of August, and on the last named day appeared before the appraisers and offered certain testimony which was rejected.    This action of the defendant precludes him from now objecting to the time at which the appraisement was made.

Whether the precise contingency arose, on the happening of which a third appraiser was, by the terms of the contract, to be selected, we need not inquire.    If the rule applicable to awards is to be observed in cases like the present, it is wholly immaterial whether there had been any disagreement or any effort to agree before the third appraiser was selected.    It is well settled in cases of submission providing for the selection of an umpire in the event of a disagreement of the arbitrators, that the arbitrators may select an umpire even before they enter upon the consideration of the subjects submitted.    (Roe vs. Doe, 2 Term. R. 644 ; Coppin vs. Hurnard, 2 Saund. 133 ; . Cowell vs. Waller, 2 Barn. 154 ; Van Cortlandt vs. Auderhill, 17 Johns. 405 ; Lutz vs. Linthicum, 8 Pet. 178 ; Alexandria Canal Co. vs. Swann, 5 How. [U. S.] 83 ; Bigelow vs. Maynard, 4 Cush. 317 ; Dudley vs. Thomas, 23 Cal. 365.)

In Harding vs. Watts (15 East. 556) Lord Ellenborough said : "It is very convenient for arbitrators to begin by appointing an umpire, because they are more likely to agree upon a proper choice of one before they themselves begin to quarrel."    The second defense must therefore fail as a matter of law.

The third defense proceeds upon grounds which have been firmly established in courts of equity as sufficient to authorize the vacation of an award, and must be regarded as an equitable defense to the present action. After a minute examination, however, of all the testimony in the cause, we are of the opinion that the charge of partiality on the part of the appraisers in fixing the amount to be paid by the defendant, is wholly groundless. And we are confirmed in this opinion by the verdict of the jury, which, under instructions of the court to be hereafter adverted to, was not for the amount fixed by the appraisers, but was based upon the testimony of the witnesses as to the value of Leonard's interest under the lease, and was for a sum differing by less than two dollars from the sum fixed by the appraisers.

The last ground of defense is true in point of fact; the appraisers did refuse to hear testimony offered by the defendant, but it does not appear what the rejected testimony was, and we are not at liberty to infer that it was either pertinent or material, or that the defendant was prejudiced by its rejection.

While the plaintiff declared specially for the amount fixed by the appraisers under the contract, the case seems to have been tried without objection from either party, as though the petition also contained all the common counts. The testimony was full as to the value of the plaintiff's lease and crop, as well as in reference to the action of the appraisers and the mode of computation adopted by them.

The instructions asked by the defendant and refused by the court. are not preserved in the record. At the instance of the plaintiff the court properly construed the contract between the parties, and instructed the jury to the effect that if they believed from the testimony that the appraisers chosen acted fairly and impartially in fixing the amount to be paid by the defendant, and that the sum so fixed was the reasonably fair value of the lease and crop, they should find for the plaintiff and assess his damages at the sum awarded, and might, in addition, allow interest at six per cent. from the date of the institution of the suit, to the giving of which the defendant excepted.

The court of its own motion instructed the jury, in substance, that they were not bound by the award of the appraisers if they believed it to be excessive or unfair, and in that event they might find for the plaintiff such sum as they believed from the evidence was a fair valuation of the lease and crop, deducting therefrom such damages as they might find the defendant had sustained on account of any failure of the plaintiff to cultivate the premises in a husbandmanlike manner, and deducting also any indebtedness of the plaintiff to the defendant arising out of the lease. To this instruction no objection was taken.

The defendant admitted in his answer that he ought to pay to plaintiff whatever amount should be found to be justly due on a final adjustment of the matters between them, and the case seems to have been tried with a view of ascertaining that amount, regardless of the pleadings.

The plaintiff is entitled either to the amount fixed by the appraisers or to the value of his property which passed into the hands of the defendant; and while he is not in strictness entitled to recover the latter in a suit for the former, yet as the value has been fairly ascertained by the jury, and as the amount thus found to be due from the defendant differs, as before stated, by less than two dollars from the amount fixed by the appraisers and sued for in this action, we think it would be unjust to the parties to protract the litigation—conceding that the defendant is in a position to take advantage of any conflict in the instructions.

Substantial justice has been attained, and the judgment will therefore be affirmed. The other judges concur.