James E. Yeatman, Respondent, v. James Clemens, Jr., Appellant.

November 12, 1878.

It was stipulated in a lease that if the lessee would erect a certain building upon the demised premises the lessor would, at the expiration of the term, pay to the lessee the value thereof, such value to be fixed by appraisers

chosen by the parties. Appraisers were chosen, who, upon a thorough examination of the building, made a valuation   The lessor refused to pay the appraised value, and the lessee brought suit to compel payment. *Held,* that the lessor could not, independently of the appraisers' report, show the value of the building, nor introduce evidence of damages sustained by the lessee's failure to erect a more substantial building; that, having made no objection to the character of the building until after the award, such objection will be considered as waived; that his having no personal knowledge of the building until after the appraisement, the appraisers being fully advised thereof, was immaterial; and that his ignorance, in the absence of fraud or concealment, was his own laches.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

A. M. GARDNER, for appellant: The report of the appraisers, not being made under oath, did not preclude proof that the valuation was excessive. — *Taylor* v. *Hayden,* 18 Mo. 390; *Frissell* v. *Fickes,* 17 Mo. 537; *Webb* v. *Hauser,* 38 Mo. 210; *Fassett* v. *Fassett,* 41 Mo. 516; *Tucker* v. *Allen,* 47 Mo. 488. The plaintiff could only recover on the contract contained in the lease, and not on the appraisement itself. — *Garrad* v. *Doniphan,* 10 Mo. 161; *Leonard* v. *Cox,* 64 Mo. 32. No party is estopped by an admission made in ignorance of his rights, induced by an innocent mistake of material facts. — *Thrall* v. *Lathrop,* 30 Vt. 307; *Taylor* v. *Zepp,* 14 Mo. 482; *Dessaunier* v. *Murphy,* 22 Mo. 95; *Christianson* v. *Linford,* 3 Robt. 215; *Diehl* v. *Adams,* 58 Pa. St. 443. There must be knowledge to establish a waiver. — *Haysler* v. *Owen,* 61 Mo. 270; 24 Pa. St. 314; *Yeats* v. *Ballentine,* 56 Mo. 530; *Smith* v. *Brady,* 17 N. Y. 173; *Wells* v. *Selwood,* 61 Mo. 238; *Knowlton* v. *Smith,* 36 Mo. 507.

HITCHCOCK, LUBKE & PLAYER, for respondent: Having gone into this appraisement, and got the opinion of the appraisers, defendant is estopped from setting up ignorance of his alleged rights. — Big. on Estop. 471; *Thomas* v. *Pullis,* 56 Mo. 211; *Major's Heirs* v. *Rice,* 57 Mo. 384.

HAYDEN, J., delivered the opinion of the court.

This is an action founded on a clause in a lease, to recover

the value of certain improvements made by the respondent upon a lot of ground leased by him of the appellant for twenty years. The lease contained the following provision : "And it is further considered and agreed by and between the parties thereto, that if, during the continuance of this lease, the said James E. Yeatman shall erect a substantial brick store or warehouse on the premises, and finish the same in manner that such stores or warehouses are usually finished, he, the said Clemens, at the end of the term for which the lease was given, promises to pay to the said Yeatman, or his legal representatives, the value of the same, to be ascertained by two disinterested parties, — one chosen by each party, — and if they cannot agree as to the value of the house, they should call in a third person, and the award of any two of them shall be binding, and the value they may assess shall be the price to be paid by Clemens for the house." The respondent alleged that he occupied the premises, and during the term erected, under this clause, a brick warehouse as described; that at the end of the term he and the appellant each chose an appraiser, and that they, being unable to agree, chose a third, who made their written appraisement, concurred in by two of the three, by which the warehouse was appraised at $3,500. The appellant denied that any warehouse was erected in conformity with the provision of the lease, or that any valid award was made, and alleged that the respondent concealed from the appraisers the fact that the south wall of the building was not on the appellant's land, but on an adjoining lot, and that the building was without a cellar. These facts as to the wall and cellar, except the concealment, were admitted by the respondent, who alleged that the position of the south wall and the absence of a cellar were well known to the appraisers, and were considered by them in fixing the value of the building.

The evidence upon the trial tended to support the allegations as made by the respondent, and showed that he erected a warehouse, which was standing when the lease expired;

that under the clause in regard to the appointing appraisers, the respondent appointed one (Peck), the appellant one (Jessup), and the two, being unable to agree, one (Squires); that the three examined the building, and that Peck and Squires concurred in the award. It was shown that when Peck and Jessup first examined the building, the respondent called their attention to the fact that there was no south wall on the lot. It appeared that many warehouses were built without cellars, and that the appraisers knew the building had no cellar and no south wall of its own, and allowed for these facts in making the appraisement. It was admitted upon the trial that it was a thing very commonly done, in building warehouses in St. Louis, where this was built, to use a wall of the adjoining building, as in this case, inserting the rafters therein. There was testimony tending to show that the warehouse was substantial, and finished as warehouses were usually finished.

The appellant testified that when the arbitration was going on he did not know that there were only three walls to the building, or no cellar under it; and offered testimony as to the condition of the building when it was turned over to him, and when appraised, as to the amount of repairs necessary to make it tenantable, etc., which the court below excluded. The jury found for the respondent.

The distinction between an appraisement which merely fixes a value by a method agreed upon by the parties, and an award which is the result of a submission to arbitration of a previous controversy, is well settled in this State, and need not be enlarged upon. *Zallee* v. *Insurance Co.*, 44 Mo. 530; *Leonard* v. *Cox*, 64 Mo. 34. The cases cited by the appellant as to statutory awards are not in point. Here the parties, merely as one provision of a lease, agreed that in a certain future event valuers should fix a price, and said nothing as to their being sworn. The appellant, however, contends that if the action is based, not upon an award as such, but upon the provision in the lease, then the respon-

dent failed to erect such a building as the lease called for; that in fact no warehouse was erected on the lot described in the lease. The case shows that a valuable warehouse was erected, though its south wall was not on the lot leased, but belonged to another building. The warehouse was built shortly after the beginning of the term, and at the end of the twenty years the respondent and appellant both named appraisers. So far from there being any bad faith or concealment, the appraiser of the appellant was by the respondent informed of the situation of the south wall. This appraiser, Jessup, it appears, had received some information about the building from the appellant, and had been requested by the latter to examine it. Jessup did examine it thoroughly, and, with his knowledge as to the south wall and the cellar, deliberated with Peck, the appointee of the respondent, as to the value, joined with Peck in calling in a third valuer, and finally acted together with the other two until just before the award was made, when he left them because, apparently, the third valuer had marked a sum too high. Until after the award was made, no objection as to the south wall was interposed. It is now urged that the appellant did not know that there was no south wall upon the lot, and it is also claimed that he knew nothing as to the absence of a cellar. But it is clear that the appellant cannot be permitted to urge his own ignorance now. The case has no similarity to those cited, where a person has acted in allowable ignorance of facts, and stands as an innocent party. The appellant had ample opportunity of knowledge, and chose to act, and seek an advantage, on the basis that he did know facts of which, now that he has failed to obtain the advantage, he says he was ignorant. He assented to the appraisement, and appointed an appraiser, who learned all the facts. But still further, the appellant has had the benefit of his action. He has resorted to a valuation, which might have been in his favor; and it is only on finding it against him that he urges a defence

inconsistent with his former conduct. He was not in law entitled to two chances, — one of a valuation acceptable to him, and the other of the defence he now makes. He has made the selection, and he must abide his choice. The rule that forbids him to make his present defence is well settled.

If this view is correct, then the refusal of the court below to allow the appellant to introduce evidence tending to show the actual value of the building independently of the report of the valuers, and evidence of damages sustained by the appellant, as set up in his counter-claim, by reason of the respondent's failure to build a fourth wall on the lot, was also correct. The appellant having knowledge of the facts, or what is the same thing, being ignorant through his own laches, and choosing to act as if he had knowledge, took the chances of an appraisement. The value as fixed might have been much below the real value. The appellant repudiated the valuation only when he found it was not suitable; but the valuation was made, as prescribed, and though it is charged to have been known to the valuers to be excessive, there is no evidence that they acted unfairly, or were in any way imposed upon. The appellant had the valuer selected by him, who knew all the facts and had the opportunity, by argument and all proper means, of influencing his associates and modifying any excessive valuation. The cases cited by the appellant as to the rule of damages prevailing where the recovery is upon a *quantum valebat* are not in point. It is by reason of the appellant's own conduct, and not upon any legal implication, as in *Yeats* v. *Ballentine*, 56 Mo. 530, that the obligation is here imposed. To open the question of valuation here would be for the law to imply a contract where the parties have completed their own, and to deny them the right to select valuers.

It does not appear that the respondent introduced witnesses with a view of showing the value of the building apart from the appraisement, or did so show its value. The

description of building, and how it was finished, the burden was on the respondent to show. It was the appellant who chose to cross-examine the respondent's witnesses, with a view of proving that the building was in bad condition when surrendered, and he cannot now be heard to urge that he was not allowed to rebut by his own witnesses evidence introduced by himself.

This case has been considered more particularly in reference to the points now made by counsel than upon the instructions, as the appellant has failed to bring up all the instructions given. Whether, in view of the evidence, the respondent could, without regard to any waiver or estoppel upon the appellant's part, be said, upon a proper construction of the essential clause of the lease, to have substantially complied with its terms, it is not necessary to decide. The verdict was for the proper party, and the appellant has failed to show any error affecting the merits of the case.

The judgment is affirmed. All the judges concur.