EDWARD GUSTAVESON, Respondent, *against* JAMES McGAY, Appellant.

(Decided May 22d, 1884.)

When in an action upon a building contract, the jury find, upon conflicting evidence, that the contract has been substantially complied with on the part of the builder, their verdict in his favor based on such finding should not be disturbed on appeal. Such substantial performance entitles him to his pay, although there are undisputed departures from the letter of the specifications; a literal performance is not necessary.

The specifications of a building contract provided that the base course of all the walls should be laid on a uniform level bed of earth. *Held*, that this was conclusive that the parties did not contemplate, in making the contract, that it should include excavation of rock for the foundation, not expressly provided for, but found to be necessary in excavating for the cellars.

Under a provision in a building contract that should any dispute arise respecting the true construction or meaning of the drawings or specifications, the same shall be decided by a certain third person, and his decision shall be final and conclusive, notice of a submission to such person by one party need not be given to the other, where no dispute as to items or values is to be determined, but merely the construction of the specifications.

In an action for compensation agreed to be paid in a building contract which provides that the work shall be done to the satisfaction of a third person, a refusal of a request by defendants at the close of the trial, for an instruction to the jury in regard to the effect of a certificate by such third person that the work was done to his satisfaction, does not injure the defendant, where such certificate is not relied upon as conclusive that the work was duly performed, but the whole trial is directed to an investigation of that point independently of the certificate.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial made on the minutes. An appeal was also taken from an order denying a new trial for alleged misconduct of the jury, but this appeal was abandoned on the argument before the General Term.

The action was upon a building contract between plaintiff, a builder, and defendant, as owner, for the erection of two houses on Tenth Avenue, near 106th Street, for the sum of $19,250. The plaintiff, who had stopped work on account of the refusal of defendant to pay the first instalment ($2,050) under the contract, sued for the value of the work already done, *viz.*, $7,425.72, and for damages for loss of profits, &c., bringing his claim up to $12,000; and for a second cause of action claimed $956.25 for extra work in excavating rock for the foundations of the houses.

The defense was a breach of the contract on the part of plaintiff in not doing the work nor furnishing materials in accordance with the contract, plans and specifications; a denial of the alleged value of the work done and the damages sustained; and an allegation that the rock excavation was included in the contract.

The cause was tried before the Chief Justice and a jury, and plaintiff had a verdict for $10,900.

*George S. Hastings*, for appellant.

*L. Laflin Kellogg*, for respondent.

J. F. DALY, J.—[After stating the facts as above.]—The defendant proved certain departures from the contract or specifications: thus, that in the foundation wall the through stones, or heading courses, were laid every three feet instead of every two feet: that there was no sill provided for the rear cellar window, although plaintiff was to furnish sills and lintels for all windows; that there was but one row of cross-bridging in each tier of beams instead of two rows;

Gustaveson v. McGay.

that there were no anchors provided for the first floor, although six were required for the outside walls on each tier of beams; that one of the flues was left rough or obstructed, when all was to be well parged and clear; and that certain of the brick in the heading courses was broken or half brick, when perfect brick was required for all heading courses. The defendant also proved that a great number of the brick used in the walls was broken or half brick, when the contract called for brick with no defects.

Defendant claimed a violation of the contract in building the foundation wall, alleging that rotten stone, taken out in excavating, was used. But there is a direct issue between the witnesses as to whether all the stone taken from the soil was rotten or only the top layer, and as to whether any rotten stone was laid in the wall by plaintiff. Defendant also claimed a violation of the contract as to the brown stone, but a question was raised as to the materiality of the difference between that furnished and that called for. As to the claim that the walls were not plumb, plaintiff's testimony was positive that they were built plumb and that deflection occurred afterwards, and there was besides a conflict as to the extent of the deflection, which left a question for the jury as to the materiality of the defect.

Notwithstanding the shortcomings of plaintiff's work, he produced a large mass of testimony to show that the plans and specifications were substantially complied with. John Rogers, an architect of thirty years experience, John Maguire, an inspector employed by plaintiff, Andrew Keating, a mason and builder of thirty years experience, who built the foundation walls and brick walls, Joseph Speers, a mason and builder of thirty-four years experience, John P. M. Goodwin, a mason and builder of thirty-three years experience, Henry Dudley, architect of forty-five years experience and formerly deputy superintendent of the Building Department, Peter R. Dunham, mason and builder of forty-seven years experience, Walter W. Adams, formerly superintendent of the Building Department, William C. Hannah, mason and builder for eighteen years, Frank Lyons, mason

and builder for twenty-six years—all these experienced and competent witnesses proved, either generally or as to particular items, a substantial compliance with the contract. Defendant called a great number of equally respectable and competent witnesses who swore the other way. Under these circumstances the question was one for a jury to determine, and I do not see how we can disturb their verdict. The verdict determines that none of the defects in the work were substantial, that the defendant got what he contracted for, and under the settled law of this state that finding entitles the plaintiff to his pay, although there are undisputed departures from the letter of the specifications. A literal performance is not necessary (*Glacius* v. *Black*, 50 N. Y. 145; *Woodward* v. *Fuller*, 80 N. Y. 312; *Heckmann* v. *Pinkney*, 81 N. Y. 211).

With regard to the claim for extra work in excavating rock, it seems to me from the evidence that it was not in contemplation by the parties that rock excavation was included in the contract. The positive evidence of plaintiff is, that before the contract was made the defendant assured him that there was no rock on the lots. It appears also from the mason's specifications that the base course of all the walls was to be laid on a uniform level bed of earth, and this I think conclusive on the question as to whether the parties made their contract with reference to a foundation to be excavated from solid rock. It was found on digging that the rock covered the whole of defendant's lots. As it thus appeared that the rock excavation was not contemplated by the contract, it is immaterial whether the court erred in admitting a certificate of Robert Black to that effect. It was provided by the contract that if any dispute arose respecting the true construction or meaning of the drawings or specifications the same should be decided by Robert Black, and his decision should be final and conclusive. The plaintiff informed defendant that Black would have to decide on this matter, and afterwards, on September 23d, 1882, notified defendant by letter that he had referred the matter to Black and got a decision. Black issued, on September 25th

1882 a certain certificate to defendant interpreting the speci-
fications as referring only to earth excavations and not
including blasting or excavating solid rock. Defendant
urges that there was no interpretation of the specifications
here required, and if there were he was entitled to notice
and opportunity to be present at the submission. Defendant
claimed that there was no question to be referred to Black,
but he also repudiated a decision given without notice. But
it would seem that no notice of submission was required.
Where a third person is clothed by the contract between par-
ties with the authority to make measurements and determine
the amount of labor required, the contractor is not bound
by *ex parte* measurements (*McMahon* v. *New York & Erie
R. R. Co.*, 20 N. Y. 463). This is not, however, such a case.
No dispute as to items or values was to be determined. The
umpire was merely to construe the specifications. Where
an architect's certificate of work under a contract is made
conclusive, the examination and investigation by the archi-
tect may be *ex parte*. Such examination necessarily in-
volves a construction of the contract, the plans and the
specifications, in order to determine whether they have been
complied with, and in the contract before us Black had no
higher or other duty than that ordinarily imposed on the
architect in such contracts.

It is claimed that the court erred in admitting the certifi-
cates of Black as to the work done which entitled plaintiff
to his first payment, and as to the work generally. The con-
tract provides that the work must be done to the satisfac-
tion and under the direction of Black and the defendant.
The certificate of Black showing that the work was done
to his satisfaction was essential to the plaintiff's case
(*Schenke* v. *Rowell*, 7 Daly 287).

Error is also claimed in the refusal of the court to charge,
at defendant's request, that " the acceptance of work not in
accordance with the contract by the architect does not bind
the defendant if the work is not really in accordance with
the contract ; " and defendant explained the request to mean
" that when an architect's certificate approving of work

Gustaveson v. McGay.

that is not up to the specifications is furnished, it does not bind the defendant." The court refused, and said that it understood the rule to be that when the parties agreed on an architect's certificate they have selected their own tribunal to determine any questions in dispute, and the decision of the architect is conclusive; and the court will not go beyond that unless there has been fraud or collusion on the part of the architect.

In his points on appeal defendant does not claim that his request as made should have been charged as law; but says that "defendant was clearly entitled to a judicial statement that such certificates are not necessarily controlling, but may be impeached for mistake or fraud," which is a correct proposition, but quite different from the request; also, that "defendant was entitled to go to the jury upon the question of the truth of the certificate, especially as the evidence strongly tended to show error or collusion on the part of the so-called architect." The request as made did not contain a correct legal proposition, since it omitted all reference to fraud, mistake, collusion, or bad faith, and did not require the submission of any such claim. But whatever may be said of the refusal to charge, the defendants are not injured by it, since there was no reliance on the certificate as conclusive evidence that the work was duly performed, the whole trial having been directed to an investigation of that fact and the examination of witnesses on both sides on the point independently of the certificate of the architect.

The recovery was within the amount of value and damage proved.

The judgment and order should be affirmed, with costs.

LARREMORE and VAN HOESEN, JJ., concurred.

Judgment and order affirmed, with costs.