L. E. IRWIN, Appellee, v. S. A. HOYT, Appellant.

**Husband and wife:** AGENCY:   CONTRACTS OF HUSBAND:   LIABILITY OF
1   WIFE.   Where a husband has full control of his wife's real estate,
so far as relates to its operation and management as a farm, in
renting, keeping up repairs, making improvements, sale of products
and collection of pay therefor, and such other matters as are inci-
dental to its general control, he is the general agent of his wife in
all matters connected with the control and operation of the farm;
and he may make a contract in her name with adjoining landowners
for the joint drainage of their lands, which may also include a
method of apportioning the costs, and she will be bound by the con-
tract and apportionment of the costs thus made, unless tainted by
fraud or mistake.

**Same:** ARBITRATION AND AWARD.   A common law arbitration and one
2   under the statute, pre-supposes the existence at the time of a claim
or right which is in dispute, and affords a means for its determina-
tion outside of court; but an agreement providing a method for
apportioning the cost of draining lands, and a part of the drainage
contract, is neither a common law nor statutory agreement to arbi-
trate, as there was then no existing dispute or claim to arbitrate.

**Same:** DRAINAGE CONTRACT:   ESTOPPEL.   Where a husband acting with
3   authority contracted with adjoining owners for the drainage of his
wife's land, and the plan suggested by him was adopted and fol-
lowed, she could not thereafter complain that some feature of the

plan caused her unnecessary expense because of the situation of her land.

**Same.** Under a contract for the joint drainage of lands, which provides the manner of doing the work and for an apportionment oi the cost according to benefits, a party thereto cannot complain that the total cost was more than it might have been if done by some other method, in the absence of any showing of fraud.

*Appeal from Carroll District Court.*—HON. M. E. HUTCHINSON, Judge.

MONDAY, DECEMBER 15, 1913.

ACTION to recover part of the cost of tile drainage, alleged to have been laid under an agreement with defendant to pay his proportionate amount. From a judgment and decree in favor of plaintiff, the defendant appeals.—*Affirmed.*

*M. A. Hoyt* and *Lee & Robb,* for appellant.

*R. L. McCord,* for appellee.

WITHROW, J.—This action was brought to recover of the defendant (appellant) the sum of $485.51, being 30 per cent of the cost of constructing a tile drain, and being the proportion of the cost for which it was claimed the defendant was liable under a contract made and entered into by and between the plaintiff, the defendant, and one Smith. The petition was in two counts. In both counts it was alleged, in substance, that on October 24, 1910, the plaintiff, the defendant, and one Smith agreed, in parol, to construct a tile drain, for mutual advantage, to drain their farms, the drain to have outlet in an open ditch of drainage district No. 5, Sac county; that it was further agreed between the parties that the plaintiff should superintend the job and pay all the costs and expenses thereof in the first instance, and that the other parties to the agreement would then pay the plaintiff such proportions

of the total cost as each party's benefits bore to the total benefits of all the parties; that the total net cost of the drain was $1,618.38, all of which the plaintiff paid; and that the defendant's just proportion thereof is 30 per cent., or $485.51, which she has not paid, and which she refuses to pay. In count 1 the plaintiff declared upon an award of arbitrators, made in pursuance of a written agreement between the parties, in which award it was found and determined that of the cost of the drain in question defendant should pay 30 per cent. In count 2 plaintiff relied upon an oral agreement between the parties, by the terms of which defendant agreed to pay such proportion of the cost as the benefits to her land bore to the total benefits to the lands of the three parties concerned, and alleged that such proportion was in fact the proportion of thirty to one hundred. The defendant alleged that she did not make the agreements alleged; that she neither made the agreement to arbitrate, nor expressly authorized her husband, M. A. Hoyt, to make it for her; that the arbitrators' award was fraudulent and inequitable and of no force and effect as against her; and that her just proportion of the cost of the drain (which she alleged a willingness to pay) was really less than a 30/100 part thereof. By agreement the cause was tried as a proceeding in equity, and upon the conclusion of the trial decree was rendered against the defendant for $485.51, with interest at 6 per cent. from April 4, 1911, and for costs, and defendant appeals.

I. It appears from the evidence that in the fall of 1910 the plaintiff, appellee, and one Smith had planned for a tile drain for their respective lands. The land owned by the appellant was so situated with reference to the lands of Irwin and Smith that it appeared to them the plan might be enlarged to include the land of appellant. The matter was submitted by them to M. A. Hoyt, husband of the appellant, and, after being considered by him, he stated that if certain designated changes were made in the size of the tile, and the

1. HUSBAND AND WIFE: agency: contracts of husband: liability of wife.

depth at which a part of it should be sunk, he would join them and pay the proper share of the costs. Agreement being reached, a written instrument was drawn and signed October 24th, the purpose of which was that, being desirous of tiling their lands, but unable to agree as to the amount of benefits to each, the county auditor be requested to appoint two appraisers, who should appraise and fix the amount of the expense to be borne by each. This agreement was signed by Irwin, Smith, and "S. A. Hoyt, by M. A. Hoyt." Following this, the work was done, and upon its completion, which was a total cost of $1,618.30, the appraisers who had been appointed by the county auditor in pursuance of the written agreement considered the question of cost and benefits, and determined as the amount or proportion which each should pay, 60 per cent. by Irwin, 30 per cent. by Hoyt, and 10 per cent. by Smith. The defendant having refused to pay the amount assessed, this action was brought by Irwin, he having incurred the expenditure and performed the work under the agreement.

While the agreement which made provision for apportioning the costs of the project is by both parties in their pleadings termed and treated as an arbitration, and the discussion of one branch of the case proceeded largely upon that theory, and has centered about the proposition that an agent has not the power to bind his principal by an arbitration entered into without express authority, we are of opinion that the rights of the parties are not, under the facts in the case, dependent upon the determination of that question. The agreement for the appointment of the appraisers was not signed by S. A. Hoyt, the defendant, who was the owner of the real estate, but in her name by her husband, M. A. Hoyt. It appears from the evidence that the husband was intrusted with full control of the real estate, so far as related to its operation and management as a farm, in renting, keeping up repairs, making improvements, and such other matters as are incidental to general control. The evidence warrants the finding that M. A. Hoyt was the general agent of his wife in all

matters connected with the control and operation of the farm. It is not claimed that she personally had knowledge of the agreement for appraisement of cost and benefits, and the claim is therefore made that she cannot be held liable on the apportionment, as she was not a party to it, and that the general powers which were held by her husband, as her agent, did not authorize him, in the absence of express authority to so do, to enter into such an agreement and bind her by it. Neither the defendant nor her husband testified in the case. The defendant had testified under cross-examination in another case tried in the district court of Sac county more than a year previous to the time of the trial of this cause. The testimony then given was in the hearing of this plaintiff and another witness in this case, who both testified as to it. The evidence was offered and received as an admission against interest, and in that trial, which apparently, as in this, involved the right of her husband to bind her as her agent, she testified as to his authority. In referring to these lands she then said, according to the testimony of the witnesses who claimed to have heard her, that her husband, M. A. Hoyt, managed the lands with her consent and as her agent, and, in the event of disagreement between them as to whatever he might do in the management of the farm, his judgment controlled, and that she gave no personal attention to the management of the farm. It appeared from the testimony of other witnesses that contracts of lease and settlements thereunder were made with the husband, that he sold and received the pay for stock sold from the farm, and that he employed the civil engineer to make a survey of the lands affected by the drainage.

These facts establish fully that M. A. Hoyt possessed and exercised all of the powers of a general agent in the management of the farm. The powers of M. A. Hoyt in respect to the management of the land were those of a general agent, and were sufficient to authorize him to do all that was reasonably necessary in the management of the land to in-

crease its productiveness. Had he, upon his own motion, proceeded to put in tiling upon the land under his management and to provide an outlet, and have agreed with other proprietors that he would bear a fair proportion of the expense in so doing, the matter of such expense to be adjusted between them, we have no doubt that the owner of the land could be held liable under such an agreement. It being within his authority to thus provide drainage for the land, when so done his principal would be liable for its cost. And if, as a part of the same agreement in which provision was made for the work, it was recognized that a means of equitable apportionment of its cost was advisable, and the most reasonable and satisfactory method of determining the liabilities of the several parties when the work contemplated and agreed upon should have been completed, we think it was clearly within the scope and power of a general agent, possessed of such powers as were there held by M. A. Hoyt, to so provide and bind his principal by his act. Such provision as to method was inherent in the original contract, made so by the acts of the parties before any rights had arisen, and is distinguishable from a situation where arbitration may be employed to determine rights.

Code, section 4385, provides that "all controversies which might be the subject of a civil action, may be submitted to one or more arbitrators," etc. While the defense in the present action is based upon the claim that the agreement was a provision for a common-law arbitration, the difference between such and that provided for by the quoted statute is as to methods and means of enforcement, and not as to the right which is to be determined. In either instance, it presupposes the existence, at the time, of a claim of right which is in dispute, and affords a means whereby the question may be determined outside of the usual channels of litigation, and which is adopted by the voluntary act of the parties. 3 Cyc. 581. In this case, the right had not yet arisen; no action at law or in equity could

2. SAME: arbitration and award.

then have been maintained; in other words, no dispute of which the law could take cognizance was in existence. It was simply a means provided for determining the proportion of cost to be borne by the respective parties under and as a part of a contract for a joint drainage of their lands, which contract necessarily carried with it, as against all the parties, an obligation to pay for the same in some amount. That amount they then agreed should be found in a particular manner. It was followed, and their respective liabilities were ascertained, not as an arbitration, but through means originally adopted by the parties and binding upon them unless tainted by fraud or mistake which would require relief in equity.

II. Appellant contends that the appraisers in assessing costs and benefits did not take into consideration the fact that, as defendant's lands were higher than those of Irwin, the estate of the latter was servient, and that defendant's right to flow upon the lower tract should have been considered in determining its benefits. But it appears from the evidence that the plan adopted was upon the suggestion of M. A. Hoyt. He suggested the use of tile of larger diameter to take care of the flowage from the land of his wife, and the depth at which it should be laid. Such was clearly within his powers, and even upon the theory that the question of serviency was not considered by the appraisers, which, however, does not appear, the work was done in accordance with a plan adopted by the three parties; a plan which they had the right to adopt, and, that plan having been followed, the parties cannot be heard to deny that any one of its features was not unnecessary, and therefore to that extent not binding.

3. SAME: drainage contract: estoppel.

III. There was evidence tending to show that the work could have been done for less by a contractor, and that plaintiff's charge, as to the total cost, is excessive. Such is by no means conclusive upon the subject, nor is there any evidence that the expenditures made by Irwin, and which he testifies were actually made, were

4. SAME.

in any degree wrongful, or for the purpose of securing any advantage to himself because of the charges made. M. A. Hoyt had the power to agree as to the manner and by whom the work should be done, and in the absence of fraud, proof of which is entirely wanting against Irwin or Smith, his principal would be liable upon the basis of the total cost as proven.

IV. The case was tried as an equitable proceeding. Whatever term may have been used to designate the agreement for the appraisement of benefits, the rights of the parties sufficiently appear in the pleadings to warrant a holding against defendant, upon the theory that it was a part of the original agreement. The decree entered was for the amount found by the appraisers. It is correct and is *Affirmed*.

WEAVER, C. J., and GAYNOR and DEEMER, JJ., Concur.