[Civ. No. 3758. Second Appellate District, Division One.—November 1, 1921.]

## JENNIE B. HOOPER, Appellant, v. LOS ANGELES VALVE AND FITTING COMPANY (a Corporation), Respondent.

[1] CONTRACT—FIXING OF VALUATION OF DEMISED PREMISES—BASIS OF RENTAL—DUTY OF APPRAISERS—HEARING OF EVIDENCE OF PARTIES.—Under a contract between the parties to a lease appointing appraisers to fix a time for hearing proofs by such parties of the value of the demised premises as a basis for determining the rental, and providing that when the appraisers shall have heard the evidence their agreement shall be binding, it was the intention that the appraisers should afford the parties a hearing and an opportunity to offer evidence, and not that they should fix such value in accordance with their own opinion and judgment.

[2] ID.—COURT PROCEEDING UNAUTHORIZED.—Under such a contract, the parties are not entitled, in the absence of an annulment of the contract or of facts relieving them from its operation, to maintain an action to have the court fix the value of the property, and error in making the appraisement without a hearing of the evidence of the parties is not made harmless by the taking of testimony in an action to vacate the appraisement.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Reversed.

The facts are stated in the opinion of the court.

Scarborough & Bowen for Appellant.

Wm. B. Ogden for Respondent.

SHAW, J.—Defendant, as a tenant of plaintiff under a lease, occupied a tract of land upon an agreement to pay in quarterly installments as rental therefor during a period of five years from January 1, 1917, a sum equivalent to five per cent of its appraised value. For the purpose of having such value determined, the parties, on January 2, 1917, executed a contract wherein, after reciting the execution of the lease under which defendant held possession of the property and the fact that it provided for an appraisement to be made, it was agreed that,—

55 Cal. App.—2

"Whereas said parties are desirous of appointing appraisers to make the appraisement provided for under the terms of said lease;

"Now therefore, it is agreed that the lessors have and do hereby appoint Guy S. Garner as appraiser for the lessors, and Leo V. Youngworth as appraiser for the lessee under said lease, and they are hereby empowered to proceed to fix a time for hearing proofs by the respective parties in accordance with said lease as to the value of the property covered by the same, and when said appraisers hear the evidence produced by the respective parties hereto, if they can agree upon the value of said property their agreement shall be binding upon, and the parties hereto agree to abide by the same. If, however, they cannot agree, then they are to select a third appraiser, as in said lease provided, and the decision of two of said appraisers shall be binding upon the parties hereto."

The two appraisers named in the contract were unable to agree upon a valuation of the property and thereupon they, as authorized to do, appointed H. J. Lelande as a third appraiser; and thereafter Lelande and Youngworth, under date of April 11, 1917, joined in an appraisement of the land at the sum of $35,531.25. This action was brought to annul and set aside the award and appraisement so made and to have the court fix the value of the land in question; the ground therefor being that in the consideration and determination of the question submitted to the appraisers no meetings were held upon any notice to plaintiff thereof and no opportunity was given her to be present at any hearing of the matter submitted for determination, nor was she given an opportunity to present any testimony or evidence to any of them at any time, at a meeting or otherwise, touching the question as to the value of said property.

Upon trial of the case the court made findings upon which, as a conclusion of law, it found that plaintiff was not entitled to any relief, and entered judgment in favor of defendant, from which plaintiff has appealed.

[1] The submission was made upon terms and conditions contained in the instrument wherein Garner and Youngworth were appointed as appraisers. It was clearly the intent of the parties, as expressed therein, that the two persons named should fix a time for the hearing of proof

submitted by plaintiff and defendant touching the value of the property, which implied that notice should be given of the time when and place where such meeting would be held for such purpose in order that they might be present and present such evidence as they deemed proper. The lease in express terms provided that "when said appraisers hear the evidence produced by the respective parties hereto, if they can agree upon the value of said property, their agreement shall be binding upon, and the parties hereto agree to be bound by the same. If, however, they cannot agree, then they are to select a third appraiser, . . . and the decision of two of said appraisers shall be binding upon the parties hereto." Under this provision it was clearly the duty of Garner and Youngworth, and as a prerequisite condition of appointing a third appraiser, to hear the evidence produced by the parties, and if upon a consideration thereof they were unable to agree, to then appoint a third appraiser. They were not authorized to make such appointment in the absence of a hearing, with notice to the parties, thus giving them an opportunity to submit evidence as to the value of the property, and if upon such evidence, if any, so submitted, they were unable to agree, they were authorized to appoint a third appraiser, after which, as provided by the agreement, the three appraisers, or at least a majority of them, should have fixed a time and place, with notice thereof given to the parties, for a hearing at which evidence might be produced, upon a consideration of which the value of the property should be fixed. As we construe the agreement, it was not the intent of the parties, as expressed therein, that the appraisers should fix the value in accordance with their own opinion and judgment (*M. E. Church* v. *Seitz,* 74 Cal. 287 [15 Pac. 839]), but that they should "afford the parties a hearing and an opportunity to offer evidence." (*Dore* v. *Southern Pac. Co.,* 163 Cal. 182 [124 Pac. 817].)

Upon this question the court found: "That it is not true that neither said Garner nor said Youngworth prior to the appointment of said Harry J. Lelande failed or refused to meet for the purpose of fixing said valuation, or failed to receive and consider evidence submitted by the respective parties, but that on the contrary said Garner and said Youngworth did meet for the purpose of fixing said valua-

tion and did receive and consider evidence submitted by the respective parties.'' And further found: ''That it is not true that at no time did said Garner nor said Youngworth nor said Lelande, or all or any of them, meet for the purpose of hearing or considering evidence for the purpose of fixing the value of said property, but on the contrary said meetings were so held for the said purpose. . . . That in fixing said valuation said appraisers considered the evidence as to values submitted by the respective parties.'' Appellant not only challenges the findings so made for the reason that they are not responsive to the issue, but claims that if so construed they are not justified by the evidence. In our opinion, both contentions should be sustained. There is nothing in the findings showing that notice was ever at any time given to plaintiff of the time fixed for the hearing or that she was afforded an opportunity to present evidence as to the value of the property. Indeed, the findings are wholly consistent with the fact that the hearings were had in the absence of plaintiff or any opportunity given her to be present or to present any testimony or evidence in opposition to that offered by defendant. The testimony of Mr. Garner is that on March 19th, after a number of futile efforts on the part of himself and Mr. Youngworth, the latter said to him that ''he didn't want a meeting to hear testimony and wanted to have a third appraiser appointed''; and that he and Mr. Youngworth never at any time held a meeting to take testimony relative to the value of the property; that upon Mr. Youngworth's statement that he did not need any testimony, he (Garner) insisted upon having a third appraiser appointed and then have a meeting at which the parties, if they desired, might ask any questions of the witnesses testifying. The testimony of plaintiff is that she was not present or represented at any meeting, and although she requested that she be permitted to present evidence as to the value of the property, she was denied opportunity so to do and never had notice of any meeting called for that purpose either before or after appointment of the third appraiser. The testimony of Mr. Youngworth is that he visited the property and made inquiries of a number of persons as to the value of the same and reported the result of his investigation and exchanged notes with the other appraisers. This was before the ap-

pointment of Lelande, after whose appointment it was agreed by himself and Garner that each of them should furnish Lelande with the data which they had and each present to him his side of the case. He further testified that, while they held meetings, no witnesses were examined and nothing considered except statements as to the data obtained by their personal investigations; that he was uncertain as to whether notice of any meeting was given to plaintiff, but "inclined to believe we agreed we would communicate with our principals and keep them advised of our proceedings. . . . I wouldn't say that positively, but I think that was the case." Lelande's testimony is to the effect that the plaintiff and defendant were never present at any hearing by the three appraisers; that the recital in the award to the effect that the referees proceeded to hear the testimony of the respective parties relative to the value of the property, is not true in that no testimony was taken; that Youngworth and Garner left the matter entirely in his hands; and while it appears that he met and talked with them casually in regard to the matter, no meetings were held after his appointment of which notice was given to either party and an opportunity afforded for presenting evidence. Other than as to proceedings had and taken in appraising the property in January, 1912, which, of course, furnished no rule as to the value of the property five years later, there is no evidence on the part of defendant controverting that quoted. The findings are not only insufficient, but, as made, they are not supported by the evidence.

[2] Conceding this to be true, respondent insists that the error is harmless for the reason that the court heard testimony touching the question and upon which it fixed the value independently of any action on the part of the appraisers. While it appears that the court did hear evidence as to the value of the property, there is nothing in the findings responsive to such issue, other than a finding by the court to the effect that "said sum of $35,331.25 *so fixed by said appraisers* was a fair, just, and equitable valuation, and was the value of the property on said date." Conceding that the lease provided for the appointment of appraisers who should fix the value of the property in accordance with their own opinion and judgment, without taking evidence, such provision was, by mutual consent of the

parties, modified by the contract wherein they determined upon the method therein provided. Having agreed upon such method of ascertaining the value, the parties, in the absence of an annulment of the contract, or facts relieving them from its operation, such as that the appraisers so appointed refuse to act, were bound thereby and were not entitled, in lieu of such method, to which they had thus given their solemn assent, to maintain an action to have the court fix the value of the property. If the appraisers refuse to act, then, since the contract is rendered inoperative, the clause in the lease, in the absence of any modification thereof, as here, by mutual agreement prescribes the method for ascertaining the value of the property, viz., "by appraisers selected, one by the lessor and one by the lessee, and if those two cannot agree, they two to select a third, and the decision of the majority shall rule." Under this provision, if not modified, the appraisers, if appointed thereunder, are authorized to fix the value in accordance with their own opinion and judgment, without notice of the hearing and without, unless they so choose, according to either party the privilege of offering evidence upon the question.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 29, 1921.